**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| MUHAMMED KHAN and UNITY PROPERTIES, INC., an Illinois corporation, Plaintiffs | ) | No.: |
| v. | ) | Amt. Cl.: $45,000 plus court costs and attorneys' fees |
| FORWARD FINANCING, LLC and SMART BUSINESS FUNDING, INC. Defendants | ) | |

**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**

NOW COMES the Plaintiffs, MUHAMMED KHAN and UNITY PROPERTIES, INC., (hereinafter referred to as "Plaintiffs") by and through their attorneys, CHICAGO ADVOCATE LEGAL, NFP, and for their Complaint for Declaratory and Other Relief against Defendants, FORWARD FINANCING, LLC and SMART BUSINESS FUNDING, INC., state as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper in this court because this litigation arises under federal law, namely 12 U.S. Code § 85 et seq. The Court has jurisdiction over this action under 12 U.S. Code § 85, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2).

3. An actual case or controversy has arisen between the parties. Defendant Forward Financing, LLC has intiated an arbitration action against Plaintiffs alleging breach of contract. This action threatens injury to Plaintiffs.

**PARTIES**

4. Plaintiff Muhammed Khan ("Mike Khan" or "Plaintiff") is an individual residing in the State of Illinois.

5. Plaintiff Khan is the founder and sole owner of Plaintiff Unity Properties, Inc. ("Unity Properties"), an Illinois corporation currently registered in the State of Illinois. (*See* Unity Properties Secretary of State Business Profile, attached as **Exhibit A**).

6. Unity Properties previously operated as a construction company from 2004-2018, with a focus on projects in low to middle income neighborhoods.

7. Defendant Forward Financing, LLC ("Forward Financing"), is a limited liability corporation, registered in the State of Massachusetts. (*See* Forward Financing Secretary of State Business Profile, attached as **Exhibit B**).

8. Forward Financing advertises itself as a "Fintech" company, and operates primarily as a lender to small businesses.

9. Smart Business Funding, Inc. ("Smart Business Funding") is a corporation registered in the State of New York. (*See* Smart Business Funding Secretary of State Business Profile, attached as **Exhibit C**).

**STATEMENT OF FACTS**

10. On April 3, 2018, Plaintiffs and Defendant Forward Financing entered into a Future Receipts Sale Agreement ("Agreement"). (*See* Future Receipts Sale Agreement, attached as **Exhibit D**).

11. The Agreement between Plaintiffs and Defendant Forward Financing is commonly referred to as a merchant cash advance agreement, "MCA" agreement, or factoring agreement.

12. Under the Agreement, Defendant Forward Financing was to provide Plaintiffs with a one-time loan of $30,000, referred to in the Agreement as the "Purchase Price." *Id* at 1, 2.

13. Paragraph 1 of the Agreement states that,

> In exchange of the payment of the Purchase Price specified above, Purchaser purchases from Merchant, and Merchant sells to Purchaser, the Amount Sold of Merchant's future accounts and contract rights to all payments to be made in any form (including, but not limited to, cash, check, payment card and electronic funds transfer), arising from or relating to the sale of goods and/or services to Merchant's customers ("Future Receipts"). Merchant represents, warrants, and covenants that Purchaser is purchasing the Future Receipts free and clear of all claims, liens or encumbrances of any kind whatsoever...*The parties hereby agree that the transaction contemplated by this Agreement is not a loan, a forbearance of money lent or any similar credit transaction...* (emphasis added).
>
> *Id* at 2.

14. In Paragraph 8, while setting forth how the the "Purchase Price" will be repaid, the Agreement states that,

> Merchant agrees to enroll in Purchaser's Automatic Collection Program and authorizes Purchaser to collect from the Approved Account the Daily Amount of Future Receipts and any other amounts that Merchant owes to Purchaser pursuant to this Agreement each Business Day until (i) Purchaser collects the entire Amount Sold and all other amounts that Merchant owes Purchaser pursuant to this Agreement or (ii) three years have elapsed since the date of the this Agreement, whichever occurs first...
>
> *Id* at 3.

15. The Agreement listed the following "Key Terms":

| | |
|---|---|
| **Purchase Price:**<br>The dollar amount Purchaser is paying for the Amount Sold. | $30,000.00 |
| **Monthly percentage:**<br>The maximum percentage of Future Receipts generated during a calendar month that Merchant authorizes Purchaser to collect for that calendar month. | 10% |
| **Daily Amount:**<br>The amount of funds arising from Future Receipts that Merchant authorizes Purchaser to collect each Monday through Friday (excluding Federal Reserve holidays) (each a "Business Day"). | $560.62 |
| **Amount Sold:**<br>The dollar value of the Future Receipts being sold. | $44.850.00 |
| **Processing Fee:** | $895.00 |

*Id* at 1.

16. Paragraph 8 of the Agreement also states that, in regards to a "monthly reconciliation" of the Daily Amount,

> If Merchant provides a timely Reconciliation Notice to Purchaser at the Designated Email, Purchaser will review, and if Purchaser determines there is an Overage, will reconcile Merchant's Approved Account by initiating an ACH credit to the Approved Account in an amount equal to the Overage ("Monthly Reconciliation"). If Merchant obtain a Monthly Reconciliation in two successive months, the Merchant may apply, via the Designated Email, for a downward adjustment of the Daily Amount so that the Daily Amount withdrawn is consistent with the Monthly Percentage.

*Id* at 3.

17. Prior to entering the Agreement, the account representative for Defendant Smart Business Funding, Mike Brooks, made a series of promises to Plaintiff Khan indicating that a refinancing or adjustment would be available if the Agreement became unsustainable to Plaintiffs.

18. Mike Brooks was employed by Smart Business Funding and acted as a liason between Forward Financing and Plaintiff throughout their business relationship.

19. Plaintiff Khan and Mike Brooks had multiple conversations by phone prior to April 3, 2018.

20. Mike Brooks advised Plaintiff Khan during those calls that the offer by Forward Financing was "normal for businesses" and "easy to get out of."

21. The Agreement as written, if paid in full at the *per diem* rate, was scheduled to be paid in full in approximately 80 days.

22. The "monthly reconciliation" process is a two-month process that is not possible to initiate until, at the earliest, the beginning of the third month of the payment plan.

23. Plaintiffs received $29,105.00 from Defendant on April 5, 2018 in their Bank of America checking account ending in 1186 ("Checking Account").

24. Defendant thereafter proceeded to automatically deduct from Plaintiffs' Checking Account a *per diem* rate, excluding weekends, of $560.62 up and through April 19, 2018, when Plaintiffs cancelled the automatic payment authorization.

25. Shortly after this, Plaintiff Khan received both calls and texts from Mr. Brooks aggressively telling him that he needs to keep paying under the agreement, and that Mr. Brooks was subject to lose his commission for the deal if Mr. Khan did not continue paying.

26. Plaintiffs paid a total of $5,045.58 of the Purchase Price to Defendant through automatic deductions from their checking account.

27. On June 29, 2018, Defendant charged Plaintiffs a $2,500 blocked account damage fee, as allowed under Paragraph 5(e) of the Agreement. Ex. C at 2.

28. Defendant also charged Plaintiffs an $895.00 processing fee to enter into the Agreement, as allowed under Paragraph 5(a) of the Agreement. Ex. C at 2.

29. The Agreement operates under the pretense that Plaintiffs would pay 10% of their daily receivables to Defendant as part of a sales agreement.

30. In fact, the Agreement is a loan in which Defendant Forward Financing was to provide $30,000 to Plaintiffs to be repaid in approximately 80 business days, during which time Forward Financing would accrue an expected interest rate of approximate 49.5%.

31. Defendant Forward Financing initiated an arbitration action against Plaintiffs claiming breach of contract on July 18, 2019, requesting $42,304.42 plus attorneys' fees. (*See* Demand for Arbitration, attached as **Exhibit D**).

32. The future receipts sale agreement attached to Forward Financing's Demand for Arbitration is not the version Plaintiffs signed on April 3, 2018, and does not contain Plaintiff Khan's actual signature or initials.

33. Prior to entering the Agreement, Plaintiff Unity Properties earned approximately $10,000 in monthly revenues through general contracting construction projects.

34. Plaintiff Unity Properties, as a result of the Agreement, is no longer in good standing and will soon be dissolved as a corporate entity.

35. Plaintiff Khan, as a result of the Agreement, has suffered a loss of business income.

## COUNT I

### Declaratory Judgment of Usurious Interest Rate, 12 U.S. Code § 85

36. Plaintiffs re-allege and incoroporate by reference each and every allegation in Paragraph 1-35.

37. 12 U.S. Code § 85 states that,

> Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under title 62 of the Revised Statutes...
>
> 12 U.S. Code § 85.

38. 12 U.S. Code § 86 adds that,

> The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon...

12 U.S. Code § 86.

39. An actual and immediate controversy has arisen and now exists between Plaintiffs and Defendant regarding the legality and effect of the Future Receipts Sale Agreement between Plaintiffs and Defendant Forward Financing.

40. Plaintiffs seek a declaration of their rights under 12 U.S. Code § 86, that the Agreement violates the usury laws in the State of Massachusetts, specifically M.G.L. c. 271, § 49, and is therefore illegal and void.

41. On information and belief, Defendant Forward Financing has not provided a usury notification to the Massachusetts Attorney General, pursuant to M.G.L. c. 271, § 49(d).

42. A judicial declaration is necessary and appropriate at this time so the parties may ascertain their rights and obligation to each other and to avoid the hardship caused on the parties by a protracted dispute and further delay.

WHEREFORE, the Plaintiffs respectfully pray as follows:

A. For the entry of a declaratory judgment that the Future Receipts Sale Agreement is illegal, and therefore null and void;

B. All costs and attorneys' fees associated with bringing this suit; and

C. For such other and further relief as this Honorable Court deems equitable and just.

**COUNT II**

**Negligent Misrepresentation**

43. Plaintiffs re-allege and incoroporate by reference each and every allegation in Paragraph 1-42.

44. The tort of negligent misrepresentation consists of:

> (1) a false statement of a material fact; (2) carelessness or negligence in ascertain ing the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the state ment; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information. *Capiccioni v. Brennan Naperville, Inc.*, 339 Ill. App. 3d 927, 938 (Ill. App. 2 Dist. 2003).

45. Defendants made false statements of material fact to Plaintiff Khan regarding the Agreement.

46. Defendants were careless and negligent in ascertaining the truth of their statements.

47. Defendants intended to induce Plaintiff Khan into entering the Agreement.

48. Defendants false statements resulted in damages to Plaintiff Khan in the form of lost income.

WHEREFORE, the Plaintiffs respectfully pray as follows:

A. Enter a judgment in favor of Plaintiffs and against Defendants for $45,000, for actual and consequential damages;

B. For such other and further relief as this Honorable Court deems equitable and just.

**COUNT III**

**Fraudulent Misrepresentation**

49. Plaintiffs re-allege and incoroporate by reference each and every allegation in Paragraph 1-48.

50. To establish fraudulent misrepresentation, a plaintiff must prove by clear and convincing evidence:

> (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) with the intent to induce the other party to act; (4) the other party's justifiable reliance on the truth of the statement; and (5) dam ages resulting from reliance on the statement. *BP Amoco Chem. Co. v. Flint Hills*

*Res.*, LLC, 615 F.Supp.2d 765, 784 (N.D. Ill. 2009) (citing *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill.2d 179, 193 (1989)).

51. Defendants made knowlingly false statements to Plaintiffs regarding the Agreement.

52. Defendants intended to induce Plaintiffs into entering the Agreement.

53. Defendants false statements resulted in damages to Plaintiffs in the form of lost income.

WHEREFORE, the Plaintiffs respectfully pray as follows:

A. Enter a judgment in favor of Plaintiffs and against Defendant for $45,000 for actual and consequential damages;

B. Enter a judgment in favor of Plaintiffs and against Defendant for punitive damages;

C. Enter a judgment in favor of Plaintiffs and against Defendant for attorneys' fees;

B. For such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,

Brian J. Gilbert

Brian J. Gilbert
Attorney for Plaintiffs
Chicago Advocate Legal, NFP
605 N Michigan, 4th Fl.
Chicago, IL 60611
(312) 646-5315
bgilbert@chicagoadvocatelegal.com